## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,  )
          )
     Plaintiff,  )
          )
vs.         )  Case No. CR-06-136-M
          )
RONNIE KASHAWN DODDLES,  )
          )
     Defendant.  )

## ORDER

Defendant Ronnie Kashawn Doddles ("Doddles") has orally moved to suppress the evidence discovered as a result of the search on October 17, 2004 and to suppress the evidence discovered as a result of the search on July 6, 2005.  On January 5, 2007, the Court conducted a hearing to address whether Doddles has standing to contest the search on October 17, 2004 and the search on July 6, 2005.[1]

"[I]n order to claim the protection of the Fourth Amendment, a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable; *i.e.*, one that has a source outside of the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society." *Minnesota v. Carter*, 525 U.S. 83, 88 (1998) (internal quotations and citation omitted).

At the hearing, Doddles testified that he often visited, and for a period of time, resided at the Residence and asserted that he, consequently, has standing to challenge the searches conducted on October 17, 2004 and July 6, 2005.  However, although Doddles was initially indicted on June 7, 2006 and arraigned on June 16, 2006, Doddles did not assert that he had standing to challenge these

---

[1]On October 17, 2004 and on July 6, 2005, Oklahoma City police officers searched the residence located at 2304 S.W. 46th Street, Oklahoma City, Oklahoma ("Residence").

searches until January 4, 2007, four days before he was set to go to trial.[2]  Further, based upon the information that Doddles had provided his counsel, on December 29, 2006, Doddles' counsel filed an advisement with the Court stating that he did not believe Doddles has standing to challenge the searches at issue.  Finally, at the hearing, Doddles' counsel stated that he was now moving to suppress the evidence obtained as a result of these searches based upon new information Doddles had told him on January 3, 2007.

Having carefully considered Doddles' testimony, the Court finds that Doddles is not a credible witness.  Specifically, the Court finds that Doddles is not credible based upon his clear motive to provide factual support to establish that he has standing to challenge the searches, particularly the July 6, 2005 search, the evidence from which the Court has previously suppressed in relation to Doddles' co-defendants.  The Court further finds that Doddles is not credible based upon the timing of Doddles' assertion that he has standing, the fact that he had never provided the information to which he testified to his counsel prior to January 3, 2007, and the fact that all of the information he had previously provided to his counsel indicated that he did not have standing.

Other than his testimony, Doddles did not present any other evidence to support his assertion that he has standing to challenge the searches.  Accordingly, because the Court finds that Doddles is not a credible witness, the Court finds that Doddles has failed to demonstrate that he personally had an expectation of privacy in the Residence and that Doddles, therefore, has failed to satisfy his burden of establishing that he has standing to challenge the search conducted on October 17, 2004 or the search conducted on July 6, 2005.  The Court, thus, finds that Doddles' oral motion to

---

[2]The Court would further note that in July, 2006, two of Doddles' co-defendants asserted they had standing to contest the searches and moved to suppress the evidence obtained as a result of the searches.

suppress should be denied.

**IT IS SO ORDERED this 8th day of January, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE