# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| vs. | ) | Case No. CR-06-136-M |
| | ) | (CIV-10-221-M) |
| RONNIE KASHAWN DODDLES, | ) | |
| | ) | |
| Defendant-Movant. | ) | |

## ORDER

Defendant-Movant Ronnie Kashawn Doddles ("Doddles"), a federal prisoner, filed a "Petition Pursuant to Title 28 § 2255" on March 2, 2010. On August 25, 2010, plaintiff-respondent United States of America filed its response. On October 7, 2010, Doddles filed his reply.

I.     Background

On May 16, 2006, Doddles and several other individuals were charged by complaint with conspiracy to possess with intent to distribute cocaine base, cocaine, and marijuana. On June 7, 2006, a federal grand jury indicted Doddles, and others, on numerous drug and gun crimes. Charges included: (1) conspiring to distribute over 50 grams of crack cocaine, marijuana, and ecstasy in violation of 21 U.S.C. § 846; (2) possessing a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(I) and 924(c)(1)(C)(I) and 18 U.S.C. § 2; (3) being a drug user in possession of a firearm in violation of 18 U.S.C. § 922(g)(3) and 18 U.S.C. § 2; and (4) possessing over 50 grams of crack cocaine, powder cocaine, and marijuana in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. On November 8, 2006, the grand jury returned a Superseding Indictment, adding an additional charge against Doddles.

Doddles was tried by a jury, and on January 17, 2007, the jury found Doddles guilty on all eight counts in which he was charged. On July 12, 2007, Doddles was sentenced to 120 months'

imprisonment on Counts 1, 2, 4, 6, 7, and 9, to be served concurrently; 60 months' imprisonment on Count 3 to run consecutively to all other counts; and 300 months' imprisonment on Count 8 to run consecutively to all other counts, for a total term of imprisonment of 480 months. Doddles was also sentenced to five years' supervised release on Counts 1, 3, 7, and 8 and three years on Counts 2, 4, 6, and 9, all such terms to run concurrently.

Doddles appealed his conviction and sentence to the Tenth Circuit Court of Appeals, and on September 3, 2008, the Tenth Circuit affirmed Doddles' conviction and sentence. *United States v. Doddles*, 539 F.3d 1291 (10th Cir. 2008). On September 25, 2008, the Tenth Circuit's mandate issued. Doddles did not file a Petition for Writ of Certiorari with the United States Supreme Court.

II. Discussion

The government asserts Doddles' § 2255 motion is time barred and should be dismissed. The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which became effective on April 24, 1996, amended 28 U.S.C. § 2255 to prevent prisoners from filing § 2255 motions more than one year after their convictions became final. Section 2255 provides, in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

2

28 U.S.C. § 2255(f). "If a prisoner does not file a petition for a writ of certiorari with the United States Supreme Court after [his] direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Burch*, 202 F.3d 1274, 1279 (10th Cir. 2000).

Since Doddles did not file a petition for a writ of certiorari in this case, Doddles' judgment of conviction became final on December 25, 2008. Therefore, the AEDPA's one-year statute of limitations expired on December 25, 2009. Doddles has filed his § 2255 motion a little more than two months after the one-year statute of limitations expired.

However, the "AEDPA's one-year state of limitations is subject to equitable tolling but only 'in rare and exceptional circumstances.'" *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (internal citation omitted). Examples of such circumstances are actual innocence or when uncontrollable circumstances prevent an inmate from timely filing. "Simple excusable neglect is not sufficient." *Id.*

In his reply, Doddles responds to the government's untimeliness arguments as follows:

> On pg 18 of the response of the government they expressed to the court that petitioners claim is time barred and, therefore, should be dismissed petitioner objects to this assertion the petitioner has clearly laid before the court the reason for the delay by the petitioner concerning the filing,[1] petitioner does not have control of being locked in his cell when the operations of the prison has been interrupted by security.
>
> Petitioner's explanation as to why he could not file his § 2255 timely will toll the time in which to file his § 2255. I believe that the

---

[1] The Court assumes that Doddles is referencing his Motion for Extension of Time to File 2255 [docket no. 581], which was filed on December 3, 2010, and his subsequent motions to file § 2255 out of time & equitable tolling [docket nos. 590 and 593], which were stricken because they were unsigned.

3

> court fully understands what the circumstances where [sic] that prevented petitioner from filing timely his § 2255. I will decline to waste any more of the courts time with a misleading twist such as the government has implemented.

Doddles' Reply to United States' Response in Opposition to Petitioner's § 2255 at 7.

Having carefully reviewed the parties' submissions, the Court finds Doddles has not shown sufficient cause to equitably toll the one-year statute of limitations. Specifically, the Court finds that the fact that the penal institution in which Doddles resides was on lockdown status for the month of December[2] does not meet the threshold of "rare and exceptional circumstances." *See Johnson v. Saffle*, 12 Fed. Appx. 864, 867 (10th Cir. 2001) (holding that administrative lockdown for approximately thirty days does not meet threshold of rare and exceptional circumstances). Additionally, Doddles does not offer an adequate explanation for his delay when the penal institution was not in lockdown. Accordingly, the Court finds that the one-year statute of limitations should not be equitably tolled.

Therefore, the Court finds Doddles' § 2255 motion is time-barred and should be dismissed.

III. Evidentiary Hearing

As set forth above, Doddles' motion should be dismissed because it is untimely. Because that conclusion is conclusively shown from the record and from the nature of Doddles' claims, the Court finds there is no need for an evidentiary hearing on this motion. *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995); *United States v. Marr*, 856 F.2d 1471 (10th Cir. 1988); 28 U.S.C. § 2255.

---

[2]The Court would note, however, that while Doddles claims that his institution was on lockdown status for the month of December, the memorandum from the Federal Bureau of Prisons attached to his motion to file § 2255 out of time & equitable tolling indicates that the institution was on lockdown status only from December 29, 2009 to January 7, 2010.

4

IV.     Discovery Motion

Because Doddles' § 2255 motion is being dismissed because it is untimely, the Court finds that Doddles' motion for discovery pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts should be denied as moot.

V.      Conclusion

Accordingly, the Court DISMISSES Doddles' Petition Pursuant to Title 28 § 2255 and DENIES as MOOT Doddles' motion for discovery [docket no. 596 in Case No. CR-06-136-M].

**IT IS SO ORDERED this 1st day of March, 2011.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE