IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CR-06-136-R |
| ) | |
| RONNIE KASHAWN DODDLES, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant Ronnie Kashawn Doddles' Motion for Reduced Sentence seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. No. 766]. The motion was originally filed on September 9, 2022. After the government responded in opposition [Doc. No. 777], the Court held the motion in abeyance for two years [Doc. No. 778]. The two-year period has now concluded, Mr. Doddles has provided a supplemental brief re-urging his request for a sentence reduction, and the government has again responded in opposition to the request [Doc. Nos. 782, 783, 784]. After careful consideration of the parties' submission, the Court concludes that a sentence reduction is warranted.

Mr. Doddles was previously convicted by a jury of one count of participating in a drug conspiracy; one count of possession with intent to distribute MDMA; three counts of drug user in possession of a firearm; one count of possession with intent to distribute crack, cocaine, and marijuana; and two counts of violating 18 U.S.C. § 924(c) by possessing of a firearm in furtherance of a drug trafficking crime. *See* Doc. No. 431. For purposes of

sentencing, Mr. Doddles' guideline range based on his total offense level and criminal history category was calculated as 210-262 months. *See* Doc. No. 777-1. However, under the law in effect at the time, Mr. Doddles was subject to a 60-month minimum term of imprisonment for the first § 924(c) violation and a 300-month minimum term of imprisonment for the second § 924(c) violation, to be served consecutively. Mr. Doddles was sentenced to a total of 480 months imprisonment, which included the stacked terms for the two § 924(c) violations and a 120-month term of imprisonment for the remaining counts. *See* Doc. No. 431. Mr. Doddles contends this is an unusually long and unnecessarily harsh sentence and, having served approximately seventeen years of his forty-year sentence, requests that the sentence be reduced to time served.

The Tenth Circuit has adopted a three-step test for district courts to apply when considering motions filed under § 3582(c)(1). *United States v. McGee*, 992 F.3d 1035, 1042-43 (10th Cir. 2021). Under that test, a court may reduce a sentence if the defendant has administratively exhausted his claim[1] and "meets three requirements: (1) extraordinary and compelling reasons warrant a sentence reduction; (2) such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and (3) the factors set forth in 18 U.S.C. § 3553(a) support early release." *United States v. Pepper*, 851 F. App'x 890, 891 (10th Cir. 2021) (citing *McGee*, 992 F.3d at 1042).

As to the first requirement, Mr. Doddles has met his burden of showing that extraordinary and compelling reasons warrant a sentenced reduction. When Mr. Doddles

---

[1] The United States does not dispute that Mr. Doddles administratively exhausted his claim.

was sentenced, the law required the sentencing court to impose a mandatory consecutive sentence of 300 months (25 years) for his second § 924(c) conviction, even though it arose from conduct charged in a single prosecution. However, later (non-retroactive) changes in the law "amended § 924(c) so that the twenty-five-year mandatory minimum sentence for a second or subsequent conviction of § 924(c) applies only if the defendant's first § 924(c) conviction is final at the time of the second or subsequent § 924(c) conviction." *United States v. Maumau,* 993 F.3d 821, 824 (10th Cir. 2021). Thus, were Mr. Doddles sentenced today, the sentencing court would not be required to impose a consecutive 25-year minimum sentence for the second § 924(c) conviction. Additionally, Mr. Doddles' sentence was significantly longer than his co-defendants (who received 295 months and 248 months, respectively), even though he was not any more culpable for the offense conduct. Finally, the Court finds it relevant to note that Mr. Doddles was only 21 years old at the time of the offense. This combination of factors – that Mr. Doddles was sentenced to an extremely long sentence based on the sentence stacking in § 924(c), he would likely receive a shorter sentence if he were sentenced today, his co-defendants received significantly shorter sentences for substantially similar conduct, and his youth at the time of the offense – constitute an extraordinary and compelling reason to reduce Mr. Doddles' sentence. *See id.* at 937 (affirming sentence reduction where "a combination of factors warranted relief, including: Maumau's young age at the time of sentencing; the incredible length of his stacked mandatory sentences under § 924(c); the First Step Act's elimination of sentence-stacking under § 924(c); and the fact that Maumau, if sentenced today,…would not be subject to such a long term of imprisonment.") (internal quotations marks omitted).

For similar reasons, a reduction in Mr. Doddles' sentence would be consistent with the Sentencing Commission's policy statements. The current policy statement provides that a sentence reduction may be granted where the defendant does not pose a danger to the public and where at least one of six extraordinary and compelling circumstances are present. U.S.S.G. § 1B1.13(a)–(b). The sixth circumstance described by the policy statement provides that "[i]f a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances." *Id.* at § 1B1.13(b)(6). Mr. Doddles has served at least ten years of his sentence and, as previously noted, changes in the law would likely result in him receiving a significantly lower sentence today. A sentence reduction is also consistent with the policy statements' fifth, catchall category, which provides that a "combination of circumstances … similar in gravity" to the other circumstances described in the policy statement may rise to the level of an extraordinary and compelling. Further, the Court is persuaded that Mr. Doddles does not presently pose a danger to the public.

Finally, the factors set forth in § 3553(a) support a sentence reduction. Although Mr. Doddles has previously had some disciplinary issues while incarcerated, he has not had any infractions over the last two years and has made commendable progress toward

4

completing his GED. Although Mr. Doddles' serious crimes warrant a serious punishment, a lesser sentence is sufficient, but not greater than necessary, to reflect the seriousness of the offenses, promote respect for the law, and provide just punishment for the offenses. Accordingly, after considering all of the § 3553 factors, the Court finds that Mr. Doddles' sentence should be reduced to time served.

As set out above, the Court finds that Mr. Doddles has presented extraordinary and compelling reasons for a sentence reduction; such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and the § 3553(a) factors support early release. Mr. Doddles motion is therefore GRANTED and his sentence of incarceration is reduced to time served, effective December 16, 2024. This release date will give the BOP and United States Probation Office sufficient time to organize Mr. Doddles' release. Mr. Doddles' sentence remains otherwise unchanged.

**IT IS SO ORDERED** this 17th day of October, 2024.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE